# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN KEVIN GRAY,

    Plaintiff,

v.

ISIDRO BACA, *et al.*,

    Defendants.

Case No. 3:16-cv-00716-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

This case involves a civil rights action filed by Plaintiff Kevin Gray, ("Gray"), against Defendants Romeo Aranas ("Aranas"), Isidro Baca ("Baca"), Candis Rambur ("Brockway"), Dana Marks ("Marks"), Brian Ward ("Ward") and Theresa Wickham ("Wickham") (collectively referred to as "Defendants"). Currently pending before the court is Defendants' motion for summary judgment. (ECF Nos. 63, 65).[2] Gray responded (ECF No. 68), and Defendants replied (ECF No. 69). Having thoroughly reviewed the record and papers, the court recommends Defendants' motion for summary judgment (ECF No. 63) be granted.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Gray is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"), where the events of this case allegedly occurred. (ECF No. 7 at 1). On December 8, 2016, proceeding *pro se*, Gray submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, which he signed and verified, under penalty of perjury, acknowledging the facts and information contained in the complaint were "true and correct." (ECF No. 7 at 15).

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    ECF No. 65 consists of sealed exhibits filed in support of the motion for summary judgment.

Pursuant to 28 U.S.C. § 1915A(a), the court screened the complaint on December 22, 2017, and issued a screening order. (ECF No. 6.) The court allowed Gray to proceed on portions of Count I, an Eighth Amendment deliberate indifference to serious medical needs claim against all Defendants, and further allowed Gray to proceed on portions of Count III, an Eighth Amendment deliberate indifference to serious medical needs against Defendant Brockway. (ECF No. 6 at 11).[3]

### A.    Gray's Deliberate Indifference Claims[4]

Gray's complaint, in relevant part, alleges the following: Gray suffers from a variety of ailments including hypertension, high blood pressure, "severe obstructive sleep apnea, and various other recognized medical issues." (ECF No. 7 at 6). Because of his variety of "life-threatening ailments", Gray was transferred to NNCC to receive a "life sustaining" assortment of medications that could prevent heart attack, stroke, and death. (*Id.*) Although NDOC physicians Gedney, Marks, and Johns warned Gray the medications could be dangerous, even fatal if not used properly, NDOC was an average of ten (10) to fourteen (14) days late refilling Gray's vital prescriptions. (*Id.*) Gray alleges the late medications constitute a delay in treatment, resulting in him suffering nausea, blackouts, migraines, numbness in his extremities, dizziness, loss of breath, and chest pains. (*Id.* at 6-7).

After submitting three emergency grievances and receiving "numerous assertions and promises from the administration and medical staff" of NNCC, Gray was ultimately "lied to, ignored, and disregarded." (*Id.* at 7). Gray alleges he noticed Defendant Ward in May 2016 and Defendants Wickham, Marks, and Brockway in July of 2016 of the delay in receipt of his medications. (*Id.*) Gray also contacted Defendants Baca and Aranas

---

[3] The Court further allowed Gray to proceed on portions of his Count II, First Amendment retaliation claim against former Defendant "Nurse Jennifer." (ECF No. 6 at 11). However, the Court dismissed "Nurse Jennifer" pursuant to Fed R. Civ. P. 4(m). (*See* ECF No. 48). Accordingly, Gray proceeds only on portions of Counts I and III.

[4] The facts as stated herein are taken from the allegations asserted in the Complaint unless noted otherwise.

when the problem persisted. (*Id.*) Gray alleges he suffered extreme injury, pain, and psychological trauma as a result of Defendants' deliberate indifference and that he currently fears for his life due to Defendants' "mishandling of [his] chronic care medication." (*Id.*)

Gray further alleges that Defendants' delays in providing him medications resulted in breathing problems, elevated blood pressure levels, and swelling of the extremities, culminating in Gray suffering a "man down" incident. (*Id.* at 10). An unidentified nurse arrived, provided no treatment, and told Gray he would be scheduled to see a doctor in the morning. (*Id.*) Although Gray told the nurse he was experiencing chest pains, the nurse told Gray that he was "fine" and did not need to "write" a grievance. (*Id.*) However, rather than allow him to see a doctor, the next morning anonymous NNCC staff told Gray "that if he would 'stop complaining' then maybe someone would be 'willing to help him.'" (*Id.*)

Three days after his "man down" incident, on November 10, 2016, Gray repeatedly told Defendant Brockway he was experiencing chest pains, but he was told to return to the dorm until after Veteran's Day. (*Id.*) Two days later, on November 12, 2016, Gray was rushed to the community hospital and admitted for chest pain, specifically, ischemic cardiomyopathy. (*Id.*) After remaining in the hospital for five days, Gray was returned to the prison with discharge instructions. (*Id.* at 10-11). On December 8, 2016, Gray filed the instant complaint seeking the following remedy: (1) $250,000.00 compensatory damages for all counts; (2) $250,000.00 punitive damages for all counts; and (3) injunctive relief ordering timely provision of prescribed medications. (*Id.* at 15).

**B.    Defendants' Motion for Summary Judgment**

On April 21, 2020, Defendants filed a motion for summary judgment (ECF Nos. 63, 65). Defendants argue they are entitled to summary judgment because Defendants were not deliberately indifferent to Gray, because Defendants lack personal participation, and because Gray failed to exhaust his administrative remedies, and alternatively, Defendants

are entitled to qualified immunity. (ECF No. 63 at 9-21). Gray opposed the motion, (ECF No. 68), and Defendants replied (ECF No. 69). The recommended disposition follows.

## II. LEGAL STANDARD

Summary judgment should be granted when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving

4

party's favor." *Id.* (citations omitted).  The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution.  *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324.

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct.  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III.   DISCUSSION

#### A.   Exhaustion of Administrative Remedies

Defendants argue Gray's deliberate indifference claim fails as a matter of law because he failed to exhaust his administrative remedies.  (ECF No. 63 at 18-19). Specifically, Defendants assert Gray's claim against Defendant Brockway must be rejected pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") because Gray's "Inmate Grievance History report says nothing about November 10, 2016 reports of chest pain or shortness of breath resulting in a November 12, 2016 trip to the hospital." (*Id.* at 19).  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA requires "proper exhaustion" of an inmate's claims.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue."  *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90).  Failure to exhaust is an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  "'[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.'" *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Jones,* 549 U.S. at 218).  The

defendants bear the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

Having reviewed the record, the court rejects Defendants' exhaustion argument. Here, Gray exhausted his administrative remedy regarding grievance ID No. 2006-30-46155. (*See* ECF No. 68 at 31-41). Grievance ID No. 2006-30-46155 stated, at the informal level, that Gray was concerned about his health and welfare regarding delays in pain medications and that he feared "the same incident that landed me in the hospital for (5) days in November of 2016 may occur again if this pattern of neglect continues." (*Id.* at 34). The administrative remedy regarding Grievance ID No. 2006-30-46155 was exhausted because it received a second level response in accordance with NDOC Administrative Regulation 740. (*See id.* at 41); *see also Reyes*, 810 F.3d at 657. Construing the evidence in the light most favorable to Gray, Grievance ID No. 2006-30-46155 sufficiently exhausted his administrative remedy regarding Count III against Defendant Brockway. Accordingly, Defendants' exhaustion argument fails and the court will address Gray's Count III claim below.

### B.   Deliberate Indifference to Serious Medical Needs

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting the imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation omitted). The Amendment's proscription against the "unnecessary and wanton infliction of pain" encompasses deliberate indifference by state officials to the medical needs of prisoners. *Id.* at 104 (internal quotation omitted). It is thus well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 106.

Courts in this Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard— deliberate indifference." *Colwell*, 763 F.3d at 1066 (internal quotation omitted). First, the

6

objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

Second, the subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). The defendant prison official must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose liability. *Estelle*, 429 U.S. at 105–06. Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other . . . ." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Accordingly, the defendants' conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted) (*see Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("[M]ere malpractice, or even gross negligence" in the provision of care fails to state a deliberate indifference claim).

A difference of opinion between a physician and a prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986). Instead, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the

7

1  circumstances and that the defendants chose this course in conscious disregard of an
2  excessive risk to [his] health." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012)
3  (overruled, in part, on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014))
4  (quoting *Jackson*, 90 F.3d at 332).

5  Defendants argue they are entitled to summary judgment on the deliberate
6  indifference claim with respect to all defendants because the evidentiary record shows
7  Defendants were not deliberately indifferent to Gray nor did Defendants personally
8  participate in any constitutional deprivation allegedly suffered by Gray. (ECF No. 63 at
9  9-16). Defendants further argue Defendant Brockway could not have been deliberately
10 indifferent to Gray because she was not working the day Gray alleges she was
11 deliberately indifferent to him. (*Id.* at 18-21)

12 Based on the evidence before the court, and in viewing all facts and drawing all
13 inferences in the light most favorable to Gray, the court finds summary judgment should
14 be granted in favor of all defendants on Gray's deliberate indifference claims. Defendants
15 have, on the basis of authenticated evidence, shown that the record forecloses the
16 possibility of a reasonable jury finding in Gray's favor. *Celotex*, 477 U.S. at 323.
17 Accordingly, the burden shifts to Gray to "designate specific facts demonstrating the
18 existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387. Gray has failed
19 to carry his burden.

20 First, it is undisputed that Gray's chronic heart problems constitute a serious
21 medical need. *Colwell*, 763 F.3d at 1066. Thus, the only issue is whether Gray has come
22 forward with some evidence to establish a genuine issue of fact that Defendants knew of
23 and disregarded "an excessive risk to [Gray's] health and safety." *Toguchi*, 391 F.3d at
24 1057.

25 Although Gray attached grievances, medical kites, and portions of his medical
26 records to his complaint and opposition (*See* ECF Nos. 7 and 68), he has failed to
27 produce any evidence Defendants were deliberately indifferent to his serious medical
28 needs. Therefore, even when viewing all facts and drawing all inferences in the light most

favorable to Gray, the court finds summary judgment should be granted in favor of all defendants on Gray's deliberate indifference claims.

### 1. Count I - Gray's Claim Regarding Medications

Gray alleges Defendants Aranas, Baca, Brockway, Marks, Ward, and Wickham were deliberately indifferent to his serious medical needs because they failed to provide him with life-sustaining pain medication in a timely fashion. (ECF No. 7 at 6-7). However, Gray has brought forward no evidence Defendants failed to timely provide him with medication. Conversely, Defendants' evidence shows, over the month of July 2016, Gray was administered medications daily until his keep on person ("KOP") medications arrived. (ECF No. 65-7 at 2-3). During the time period Gray alleges Defendants were deliberately indifferent to him, May 2016 through November 2016, Gray was seen by NDOC medical providers on at least eight separate dates and was prescribed medication at least four times, including in both May 2016 and November 2016. (ECF Nos. 65-2 at 5-7 and 65-3 at 4-5). Further, Defendants continued to provide Gray with care and medications after the filing of his complaint. (*See id.* at 2-4 and 2-4, respectively).

In fact, there is no evidence that has been presented to establish Defendants Aranas and Wickham were involved in Gray's treatment in any way. Rather, the sole piece of evidence Gray has pointed to indicating the involvement of those defendants was the denial of grievances. (*See* ECF No. 68 at 29, 41 and 26, 38, respectively). Merely responding to Gray's grievances, without more, is insufficient to establish those defendants were personally indifferent to Gray's medical needs. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (simply reviewing or processing appeals, without more, cannot create liability for prison officials under § 1983) (citing *Mann v. Adams*, 855 F.2d 639, 649 (9th Cir. 1988).

Moreover, Gray has merely alleged he noticed Defendants Baca and Ward about his issues sometime in or after May 2016 but has otherwise entirely failed to provide any evidence those defendants was deliberately indifferent to his medical needs. Rather, to establish his deliberate indifference to serious medical needs claims, Gray must show that

1  Defendants knew of and disregarded "an excessive risk to [Gray's] health and safety."
2  *Toguchi*, 391 F.3d at 1057.  Gray has provided no evidence any of the defendants knew
3  of or disregarded a risk to his health or safety.

4  Although Gray alleges the treatment he received from Defendants was
5  inadequate, Gray has failed to provide evidence creating a genuine dispute whether that
6  medical treatment was appropriate.  *See Taplet v. Brooks*, 432 Fed. Appx. 697, 698 (9th
7  Cir. 2011) (finding that Plaintiff's own allegations, unsupported by expert testimony, were
8  insufficient to create a dispute of fact over whether care was medically acceptable) (citing
9  *Clouthier v. Cnty. Of Contra Costa*, 591 F.3d 1232, 1252 (9th Cir. 2010) (overruled, in
10 part, on other grounds by *Castro v. Cnty. Of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)).
11 Therefore, Gray's opinions about the care he received from Defendants are not evidence
12 that Defendants' care was improper.  Instead, Gray "must show that the course of
13 treatment [Defendants] chose was medically unacceptable under the circumstances and
14 that [Defendants] chose this course in conscious disregard of an excessive risk to [Gray's]
15 health." *Snow*, 681 F.3d at 988.  Gray has provided no evidence that would make such
16 a showing.  Accordingly, all defendants are entitled to summary judgement as to Gray's
17 Count I, deliberate indifference to serious medical needs claim.

18              **2.      Count III - Gray's Claim Against Brockway**

19 Next, Gray alleges Defendant Brockway was deliberately indifferent to his serious
20 medical needs because she sent him back to his cell despite his complaints of chest pain,
21 culminating in his trip to the hospital.  (ECF No. 7 at 10-11).  However, Gray has offered
22 no evidence to show Brockway was deliberately indifferent to his serious medical needs.
23 Gray argues an unidentified nurse arrived following his "man down" incident, provided no
24 treatment, told Gray he was "fine" and did not need to "write" anything.  (*Id.* at 10).  Gray
25 further argues an anonymous staff member told Gray "that if he would 'stop complaining'
26 then maybe someone would be 'willing to help him.'"  (*Id.*)  However, those arguments
27 are not evidence that Brockway was deliberately indifferent to Gray.  Instead, liability in a
28 § 1983 action arises where a defendant personally participates in a deprivation.  *See*

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Gray did not allege Brockway was involved in either of those incidents or provide any evidence related to her alleged participation. Moreover, contrary to Gray's allegations, Defendants' evidence shows that Brockway was not at work the day she was allegedly deliberately indifferent to Gray. (*See* ECF No. 63-3 at 6). Here again, Gray has provided no evidence to the contrary. Thus, the undisputed evidence shows Brockway was not deliberately indifferent to Gray. Therefore, Defendant Brockway is entitled to summary judgement regarding Gray's Count III, deliberate indifference to serious medical needs claim. Accordingly, the court recommends Defendants' motion for summary judgment (ECF No. 63) be granted in favor of all defendants.[5]

**IV.   CONCLUSION**

For good cause appearing and for the reasons stated above, the court recommends Defendants' motion for summary judgment (ECF No. 63) be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

---

[5] Where the court determines a plaintiff's allegations fail to show a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Here, Gray is unable to establish a violation of his rights under the United States Constitution. Accordingly, there is no need for the court to address Defendants' arguments related to qualified immunity.

11

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 63) be **GRANTED**; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: August 13, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**