UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN KEVIN GRAY,<br><br>       Plaintiff,<br> v.<br>ISIDRO BACA, *et al.*,<br>       Defendants. | Case No. 3:16-cv-00716-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Brian Kevin Gray, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violations of Eighth Amendment deliberate indifference to serious medical needs under 42 U.S.C. § 1983. (ECF No. 5.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 71), recommending that the Court grant Defendants' motion for summary judgment (ECF No. 63) because Plaintiff fails to offer evidence to show Defendants were deliberately indifferent to his serious medical needs. Plaintiff filed an objection to Judge Baldwin's Recommendation ("Objection").[1] (ECF No. 75.) The Court will overrule Plaintiff's Objection because the Court agrees with Judge Baldwin's analysis of the underlying summary judgment motion, and will fully adopt the R&R.

**II. BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case (ECF No. 71 at 1-3) and does not recite it here.

///

---

[1] Defendants did not respond.

Following screening, the Court permitted Plaintiff to proceed on portions of Count I and Count III, alleging deliberate indifference to serious medical needs. (ECF No. 6 at 11.) Count I involved allegations that Defendants knew Plaintiff was not receiving essential medications in a timely manner essentially between May and November 2016 and intentionally failed to respond to Plaintiff's medial needs, causing Plaintiff to suffer serious injuries. (ECF No. 7 at 6-7.) Count III asserted that on November 10, 2016, Plaintiff was allowed to see a chronic care nurse. (*Id.* at 10.) But he was told to go back to his prison dorm until after Veteran's Day even though he repeatedly told the nurse (Defendant Candice Brockway) he was experiencing breathing difficulty and chest pains (as a result of the delay in medications as alleged in Count I). (*Id.*) On November 12, 2016, Plaintiff was hospitalized and treated for chest pains. (*Id.*)

### III. LEGAL STANDARDS

#### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's Objection to the R&R, the Court has undertaken a de novo review of it, including the underlying briefs.

#### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under

the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.   DISCUSSION**

Following a de novo review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's recommendation to grant summary judgment in favor of Defendants.

Judge Baldwin found that Plaintiff offered no evidence to support his allegations in Count I that Defendants failed to timely provide him with essential medications during the relevant time period. (ECF No. 71 at 9.) To the contrary, Judge Baldwin found that

3

Defendants' proffered evidence shows Plaintiff was given medications daily until his keep on persons medications arrived for the month of July 2016, and that NDOC medical providers saw Plaintiff on at least eight occasions and prescribed medications at least four times. (*Id.* (citing ECF Nos. 65-7 at 2-3, 65-2 at 5-7 and 65-3 at 4-5.) Plaintiff's Objection reiterates his argument in opposing summary judgment that Defendants acted with deliberate indifference when they delayed providing his chronic care medications.[2] (ECF No. 75 at 2, 6-7.) The Court agrees with Judge Baldwin that Plaintiff fails to offer evidence to show a genuine issue of fact exists that Defendants failed to timely provide essential medications to Plaintiff between May and November 2016.

As to Count III, Judge Baldwin found the undisputed evidence shows Defendant Brockway was not involved with Plaintiff's treatment and in fact was not even working on November 10, 2016. (ECF No. 71 at 11 (citing ECF No. 63-3 at 6).) Plaintiff's Objection argues generally that Brockway acted with deliberate indifference. (ECF No. 75 at 7.) However, here again the Court agrees with Judge Baldwin's findings.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 71) is accepted and adopted in full. The Court overrules Plaintiff's objection (ECF No. 75).

---

[2] Plaintiff also challenges Judge Baldwin's additional finding that Defendant Romeo Aranas was not personally involved in Plaintiff's treatment and therefore cannot be liable under §1983. (ECF No. 71 at 9 (finding that Defendants Aranas and Wickham had no personal involvement in Plaintiff's treatment),ECF No. 75 at 5.) As support, Plaintiff relies on Rule 8's pleading requirement and his allegations that Aranas was aware of his complaints about the prescribed medications. (*Id.* at 5-6.) But as Judge Baldwin correctly noted, Aranas's knowledge of Plaintiff's complaints through Plaintiff's grievances, without more, cannot establish Aranas personally acted with deliberate indifference for purposes of § 1983 liability. (ECF No. 71 at 9.)

4

Case 3:16-cv-00716-MMD-CLB   Document 77   Filed 11/03/20   Page 5 of 5

It is further ordered that the Defendants' motion for summary judgment (ECF No. 63) is granted.

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 3rd Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

5